UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN THREATT | : | |
| | : | Crim. No. 3:02-CR-95 (AHN) |
| v. | : | Civil No. 3:03-CV-1818 (AHN) |
| | : | |
| UNITED STATES OF AMERICA | : | April 18, 2005 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. §2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Respondent United States of America hereby responds to defendant Jean Threatt's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence [doc. # 305, filed Oct. 21, 2003]. Threatt was sentenced to 121 months in prison, with a supervised release term of three years, after pleading guilty in this Court to possession with intent to distribute cocaine base. Although her petition is difficult to decipher, Threatt appears to allege: (1) that the Court misapplied 21 U.S.C. § 841(b)(1)(c), because it sentenced her based on a finding that she was responsible for more than 4.9 grams of crack cocaine; (2) that this Court should have downwardly departed based on her diminished capacity due to long-term drug use, post-traumatic stress, and severe depression; (3) that this Court should now reduce her sentence due to her post-conviction rehabilitation; and (4) that the Court erred in failing to grant her a reduction in her offense level based on her minor/minimal role in the crime.

As a preliminary matter, all of her claims are procedurally defaulted because she never pursued them on direct appeal -- indeed, she never filed an appeal at all. Moreover, even if they had not been defaulted, each claim is meritless. First, the Court did not mis-apply 21 U.S.C. § 841(b)(1)(C) by sentencing her based on a finding that she was responsible for more than 5 grams

1

of crack cocaine, because under the case law that was binding at the time of her plea and sentencing, a sentencing court was permitted -- indeed, required -- to impose a Guidelines sentence based on judicial findings with respect to drug quantity, so long as the court did not impose a sentence in excess of the maximum established by the statute to which she validly pleaded guilty. Second, because her downward departure arguments would have been unreviewable on direct appeal, they are *a fortiori* not cognizable in a § 2255 petition. Third, post-conviction rehabilitation is a matter for the Bureau of Prisons to consider when granting good-time credits, and is not a ground for collateral relief from the sentencing court. Fourth, she has alleged no facts suggesting that this Court's failure to reduce her sentence based on a minor or minimal role resulted in a "complete miscarriage of justice," much less that she ever raised such a claim before this Court.

Accordingly, the Government respectfully requests that the Court deny the defendant's § 2255 motion.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from a thorough investigation and prosecution of the distribution of crack cocaine in the New Haven area by an organization headed by Charles Henry Brewer III. During the fall of 2001, Brewer's organization was supplied with redistribution quantities of crack cocaine on almost a daily basis for distribution in the greater New Haven area. Threatt would purchase redistribution quantities of crack cocaine from Kevin James Cunningham, a employee of Brewer's.

On April 2, 2002, a grand jury returned a multiple count indictment [doc. #10] against Threatt and other members of the Brewer organization, charging her with one count of using a telephone in connection with distribution of a controlled substance, in violation of 21 U.S.C.

§ 843(b). On April 12, Threatt was arrested at her home pursuant to the indictment. She consented to a search of her home, which uncovered 84 grams of crack cocaine.

On May 7, 2002, the grand jury returned a superseding indictment [doc. #54], adding Count 16 against Threatt, alleging that she possessed over 50 grams of crack cocaine in violation of § 841(a)(1)(A)(iii).

On January 2, 2003, Threatt waived indictment [doc. #215] and pleaded guilty to a one-count information [doc. #214], charging her with possessing an unspecified amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1)(C).

The PSR [doc. #256, filed on March 31, 2003] determined that Threatt was a career offender, whose criminal history also independently placed her in Criminal History Category VI. PSR at 6-9. The PSR calculated her offense level at 32 pursuant to U.S.S.G. § 2D1.1(c)(4), based on the seizure of 84 grams of crack cocaine from her home at the time of her arrest; the same offense level resulted from her status as a career offender. PSR at 6. This set her guidelines range at 151 to 188 months. PSR at 15-16.

In her sentencing memo [doc. #241, filed March 12, 2003], Threatt acknowledged these calculations. She voiced no objection to the quantity finding, or to the failure to make a minor/minimal role reduction. The entire memo was dedicated to a motion for a downward departure based on overrepresentation of criminal history.

On March 31, 2003, the Court held a sentencing hearing. At the hearing, the Court granted the defendant's motion for a downward departure, finding that the Guidelines overstated the seriousness of her criminal history. Accordingly, the Court sentenced Threatt to 121 months in prison, to be followed by three years of supervised release. Judgment was filed and entered on April

1, 2003. She filed no notice of appeal. The Government moved to dismiss the indictments as to Threatt. [doc. #263, filed April 3, 2003], which was granted on April 10, 2003.

On October 22, 2003, Threatt filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence [doc. #305]. On February 17, 2005, this Court entered an Order to Show Cause [doc. #373], directing the Government to file a response by April 18, 2005.

## II. DISCUSSION

**A. Threatt's Claims Are Procedurally Barred Because She Failed To File a Direct Appeal**

A habeas petitioner must not have procedurally defaulted her claims by failing to raise them on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that [she] is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Ciak v. United States*, 59 F.3d 296, 302 (2d Cir.1995); *Campino v. United States*, 968 F.2d 187, 190 (2d Cir.1992). "A motion under § 2255 is not a substitute for an appeal." *United States v. Munoz*, 143 F.3d 632, 637 (2d Cir.1998).

In the present case, Threatt never filed a notice of appeal from her judgment of conviction,[1] and so she has procedurally defaulted her claims. Moreover, her § 2255 motion makes no effort to

---

[1] Based on the records presently available to the Government, it does not appear that Threatt raised these claims in the district court, either. In Threatt's memorandum in aid of sentencing, she only made reference to her prior criminal history. Nowhere in her memorandum did Threatt address: (1) a misapplication of 21 U.S.C. § 841(b)(1)(C); (2) her diminished capacity due to: long-term drug usage, severe depression and post-traumatic stress; (3) her rehabilitation efforts at the time of sentencing; or (4) her minor/minimal role in the offense.
   The Government does not have a copy of the Threatt's sentencing transcript because she never filed an appeal, and does not recall whether such claims were orally raised during the sentencing hearing.

show "cause" for why she failed to file an appeal (for example, she does not allege ineffective assistance of counsel), nor does it allege that she is "actually innocent" of the charge to which she pleaded guilty. This is understandable, considering that counsel was able to persuade the Court that a considerable downward departure was appropriate on other grounds, and therefore appears to have been quite effective. Likewise, it would be hard for the defendant to argue that she was "actually innocent" in light of her guilty plea, not to mention the seizure of 84 grams of crack cocaine from her residence. Accordingly, all of her claims have been procedurally defaulted, and her motion should be dismissed in its entirety for this reason alone.

**B.     Threatt's § 841(b)(1)(C) Claim Is Meritless Because She Was Sentenced to Less Than the Statutory Maximum of 20 Years**

While not entirely clear, Threatt's motion appears to claim that because she pleaded guilty to a violation of 21 U.S.C. § 841(b)(1)(C) (which governs unspecified quantities of crack cocaine), rather than § 841(b)(1)(B) (which governs 5 grams or more of crack cocaine), the district court should have been limited to a finding that she possessed less than 5 grams when determining her sentence. Such a claim conflicts with well-settled law in this circuit in the wake of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Second Circuit upheld sentences based on judicial findings of fact so long as the sentence imposed did not exceed the maximum sentence set forth in the statute of conviction. *See, e.g., United States v. White*, 240 F.3d 127, 135-36 (2d Cir. 2001) (permitting district court to run sentences consecutively to achieve total punishment dictated by Guidelines based on judicial factfinding, so long as sentence on any particular count did not exceed statutory maximum); *United States v. Feola*, 275 F.3d 216 (2d Cir. 2001) (per curiam) (upholding 24-month sentence on fraud count, which was based in part on judicially imposed enhancement derived from

companion tax count, regardless of fact that tax count carried separate 12-month maximum). In the present case, the Court sentenced Threatt to 121 months in prison, which is below the 20-year maximum sentence set forth in § 841(b)(1)(C) for violations that do not specifically allege drug quantity. The fact that the charging information did not specify drug quantity did not preclude the Court from finding, as a fact, that Threatt was responsible for more than 5 grams of crack cocaine and sentencing her to anything less than the statutory maximum -- namely, 20 years in prison.

Finally, to the extent that Threatt's petition might be construed as raising a claim under *United States v. Booker*, 125 S. Ct. 738 (2005), based on mandatory application of the Guidelines, such a claim would not be cognizable on collateral review. *See Guzman v. United States*, 2005 WL 803214 (2d Cir. Apr. 8, 2005) (holding that *Booker* announced a new rule that is not retroactively applicable under *Teague v. Lane*, 489 U.S. 288 (1989)).

**C.     Downward Departure Claims Are Not Generally Cognizable in § 2255 Proceedings**

Threatt also appears to claim that she should have received a downward departure based on her long-term drug use, post-traumatic stress and severe depression, and diminished capacity to understand or take responsibility for her actions. Even if this claim had been raised on direct appeal, it would not have been reviewable.

A district court's decision not to depart downward from the sentencing guidelines is within the court's discretion and is generally not reviewable on appeal. *See United States v. Silleg,* 311 F.3d 557, 561 (2d Cir. 2002); *United States v. Miller,* 263 F.3d 1, 4 (2d Cir. 2001) (citing cases). "'The only exceptions to this rule are . . . where the defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart.'" *United States v. Kalust,* 249 F.3d 106,

110 (2d Cir.) (quoting *United States v. Zapata,* 135 F.3d 844, 846 (2d Cir. 1998)), *cert. denied,* 122 S. Ct. 213 (2001).  The defendant has pointed to no indication that the Court misapprehended its authority to depart on these grounds, much less that she ever requested such a departure.  Indeed, there is no mention of this theory in her sentencing memo or the PSR.  Because she would not have been entitled to relief on direct appeal, and because review under § 2255 is far more limited than on direct appeal, it is apparent that her claim is not cognizable in this collateral proceeding.

**D.    Post-Conviction Rehabilitation Classes Do Not Warrant a Sentencing Reduction in § 2255 Proceedings**

Threatt states simply that she "has undergo[ne] several classes to assist in her rehabilitation." § 2255 Motion at 4.  Although petitioner is to be commended for making efforts to improve her life, such post-conviction efforts cannot support sentencing relief in § 2255 proceedings.  First, as explained in the previous section, in the unlikely event that she is referring to rehabilitative efforts taken during the brief three-month window between her plea and sentencing, such efforts could have been presented at her sentencing hearing as a basis for a downward departure, to the extent permissible under the Guidelines.  *See, e.g., United States v. Maier*, 975 F.2d 944, 948 (2d Cir. 1992) (discussing drug rehabilitation efforts).  As with her diminished-capacity claims, however, Threatt has not pointed to any part of the record suggesting that the Court misapprehended its discretion to depart on such a basis, much less that she sought such a departure.  With respect to post-conviction but pre-sentencing rehabilitation, therefore, her claim fails.

To the extent Threatt is referring to post-sentencing rehabilitation classes she has taken in prison, her claim is likewise unavailable in § 2255 proceedings.  Section 2255 is a retrospective law, which requires a court to determine whether a sentence imposed was lawful.  It is not a vehicle for

asking the court to take a second look at a sentence that has already been imposed. *See generally United States v. Bokun*, 73 F.3d 8, 13 (2d Cir. 1995) (citing *United States v. Springs*, 988 F.2d 746, 748 (7th Cir.1993) ( "Section 2255 does not authorize judges to revise all decisions that they have come to rue.")). Nor is it a chance for a court to reconsider whether leniency would be more appropriate. Such an ongoing evaluation of the defendant's rehabilitative efforts is appropriate for the Bureau of Prisons under 18 U.S.C. § 3624(b), which permits a reduction in prison time for good time credits. Alternatively, it might be considered by the Court in connection with a petition for early termination of supervised release under 18 U.S.C. § 3583(e)(1).[2]

E.  **Threatt Has Not Offered Any Suggestion That the Court's Failure To Reduce Her Offense Level Sua Sponte Based on Minor/Minimal Role Was a "Complete Miscarriage of Justice"**

Finally, Threatt claims that she was only a minor player in the crime to which she pled guilty. Presumably, she is arguing that the Court should have afforded her a two- to four-level reduction in her offense level under U.S.S.G. § 3B1.2 for "mitigating role." *See, e.g., United States v. Garcia*, 920 F.2d 153,155 (2d Cir.1990) (role is judged by "the nature of the defendant's actions in relation to other participants, the importance of the defendant's actions to the success of the venture and the defendant's awareness of the nature and scope of the criminal enterprise"); *see also United States*

---

[2]Even if the defendant were standing before the court for *de novo* resentencing, a downward departure based on post-sentencing rehabilitation would be inappropriate in light of the sensible policy adopted by the Guidelines in U.S.S.G. § 5K2.19, even in its advisory form in the wake of *Booker*. As pointed out in the Guidelines commentary, it would be inequitable to allow only certain prisoners to cite their post-sentencing rehabilitation as a grounds for downward departure, while precluding others from doing so, based solely on the fortuity of whether their original sentences were vacated for unrelated reasons and their cases remanded for *de novo* resentencing. *See* § 5K2.19, commentary (2004). For present purposes, it is also relevant to note that this policy presupposes the argument set forth in the text above, that § 2255 does not independently allow prisoners to seek sentence reductions based on their post-sentencing rehabilitation.

*v. Shonubi*, 998 F.2d 84, 90 (2d Cir.1993).

In her § 2255 motion, Threatt has offered no facts suggesting that she was in fact a minor or minimal participant in the charged drug activity, much less that her minor role was so obvious that the Court's failure to accord her a § 3B1.2 reduction merits extraordinary relief under § 2255. The only facts on the record -- that she was regularly purchasing redistribution quantities of crack, PSR at 3, and that 84 grams of crack were recovered at her residence, PSR at 5 -- point in the opposite direction. "Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, . . . absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996). In short, absent any theory under which the Court's failure to sua sponte grant a minor/minimal role reduction constituted a "complete miscarriage of justice," her claim on this point must fail.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's § 2255 motion in its entirety.

           Respectfully submitted,

           KEVIN J. O'CONNOR
           UNITED STATES ATTORNEY


BY:    STEPHEN B. REYNOLDS
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. CT19538

FOR:
        WILLIAM J. NARDINI
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. CT16012
        157 Church Street, 23rd Floor
        New Haven, CT  06510
        Tel.: (203) 821-3748
        Fax: (203) 773-5377
        william.nardini@usdoj.gov


### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2005, a true and correct copy of the foregoing Motion was served via first-class mail, postage prepaid, upon

        Jean Threatt
        Inmate #14642-014
        Federal Corrections Institution
        Danbury, CT 06811


        _____
        Stephen B. Reynolds
        Assistant U.S. Attorney