FILED

2005 JUN 24 P 3: 23

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Jean Threatt | * | |
| | * | |
| v. | * | Crim No. 3:02-CR-95(AHN) |
| | * | Civil No. 3:03-CV-1818(AHN) |
| United States of America | * | June 15, 2005 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RESPONSE TO GOVERNMENT MOTION
UNDER 28 U.S.C. § 2255

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I.   Procedural History and Facts


II.  Discussion

I.  PROCEDURAL HISTORY AND FACTS

This case arises from a thorough investigation and prosecution of the distribution of crack cocaine in the New Haven area by an organization headed by Charles Henry Brewer III.  During the fall of 2001, Brewer's organization was supplied with redistribution quantities of crack cocaine on almost a daily basis for distribution in the greater New Haven area.  Threatt would purchase redistribution quantities of crack cocaine from Kevin James Cunningham, a employee of Brewer's.

On April 2, 2002, a grand jury returned a multiple count indictment [doc. #10] against Threatt and other members of the Brewer organization, charging her with one count of using a telephone in connection with distribution of a controlled substance, in violation of 21 U.S.C. § 843(b).  On April 12, 2002, Threatt was arrested at her home pursuant to the indictment.  She consented to a search of her home, which uncovered 84 grames of crack cocaine.

On May 7, 2002, the grand jury returned a superseding indictment [doc #54], adding Count 16 against Threatt, alleging that she possessed over 50 grams of crack cocaine in violation of § 841(a)(1)(A)(iii)

On January 2, 2003, Threatt waived indictment [doc. #215] and pleaded guilty to a one-count information [doc. #214], charging her with possessing an unspecified amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1)(C).

The PSR [doc. #256, filed on March 31, 2003], determined that Threatt was a career offender, whose criminal history also independently placed her in Criminal History Category VI.  PSR at 6-9. The PSR calculated her offense level at 32 pursuant to U.S.S.G.

§ 2D1.1(c)(4), based on the seizure of 84 grams of crack cocaine from her home at the time of her arrest; the same offense level resulted from her status as a career offender. PSR at 6. This set her guidelines range at 151 to 188 months. PSR at 15-16.

In her sentencing memo [doc #241], filed March 12, 2003, Threatt acknowledged these calculations. She voiced no objection to the quantity finding, or to the failure to make a minor/minimal role reduction. The entire memo was dedicated to a motion for a downward departure based on overrepresentation of criminal history.

On March 31, 2003, the Court held a sentencing hearing. At the hearing, the Court granted the Defendant's motion for a downward departure, finding that the Guidelines overstated the seriousness of her criminal history. Accordingly, the Court sentenced Threatt to 121 months in prision, to be followed by three years of supervised release. Judgment was filed and entered on April 1, 2003. She filed no notice of appeal. The Government moved to dismiss the indictments as to Threatt. [doc #263, filed April 3, 2003], which was granted on April 10, 2003.

On October 22, 2003, Threatt filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence [doc. #305]. On February 17, 2005, this Court entered an Order to Show Cause [doc. #373], directing the Government to file a response by April 18, 2005.

II. DISCUSSION

A. IT IS IMPROPER FOR GOVERNMENT RESPONDENT'S TO BARRED PETITIONER BECAUSE A DIRECT APPEAL WAS NOT FILED.

It is clear that "A Motion under § 2255 is not a substitute for an appeal"; neither did Petitioner ever imply that her § 2255 is substituted or recharacterized as an appeal, hence, the

§ 2255 is governed under FEDERAL RULES OF CIVIL PROCEDURE by "Application" it is a "MOTION" as stated on the face of § 2255 application. (see Exhibit # 3 ).

The term "motion" generally means an application made to a court or judge. Petitioner "only" complied with the Federal Bureau of Prison "form/application" namely: MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (See Again Exhibit # 3 ). Thus, the aforemention "form/application/motion" is issued by the Law Library here at DANBURY FEDERAL CORRECTIONAL INSTITUTION. Petitioner asserts that the Law Library offer no instruction manual, or other forms to an inmate filing a Title 28 § 2255; therefore, it would be negligence on behalf of the Bureau of Prison, being that this Prison are to supply inmate's with the necessary tool to prepare for litigations. Whereas, the GOVERNMENT RESPONDENTS to prevent the filing of the claims listed in Motion.

Petitioner content that GOVERNMENT states that "downward departure arguments would have been unreviewable on direct appeal, they are not fortior; not cognizable in § 2255 petition."; however, it is clear that a "downward" departure is requested by nay of "Motion"; Thurs, the Petitioner has compliance with procedural format.

B. GOVERNMENT RESPONDENTS, CLAIMS ARE PROCEDURALLY DEFAULTED.

The Government Respondents, alleges that Petitioner's claims are procedurally defaulted because Petitioner never "pursued them on direct appeal", and that even if they had not been defaulted, each claims is meritless." On the contrary, Petitioner contends

that there is not "procedural default", to default is to lack the duty or performance of a contract; thus, having nothing to do with a direct appeal. According to the procedural default doctrine, the principle that a federal court lacks jurisdiction to review the merit of a habeas corpus petition. For the Defendant's to "allege" any form or "procedural default", is MERITLESS for it is antagonistic and unrelated, this § 2255 "Motion".

Whether this petition successfully completed a "direct appeal" or not, has no baring on Petitioner's § 2255, including any allegtion of "procedural default" made by defendants.

C.   GOVERNMENTS RESPONSE IS VAGUE AND INCOMPLETE.

According to the Government, Petitioner is in violation of Title 21 U.S.C. § 841(b)(1)(C) is mis-apply being that the correct Title 21 should be § 841(b)(1)(iii). For Petitioner's sentencing is based on the findings that she was responsible for more than 5 grams of crack cocaine. However, it is stated on EXHIBIT #1, that Petitioner is charged in violation of Title 21(b)(1)(c); subsequently, Title 21(b)(1)(c) is clear and concise:  (SEE EXHIBIT #2).

(b)   Penalties

(1)   In the case of a violation of subsection (a) of this

(c)

There is nothing in Title 21(b)(1)(c) that points out 5 gram or more or the drug amount, in order to make proper drug findings or amount to impose or increase punishment on Petitioner. The Title is correct; but the penalty or penalties are not listed to detect any drug amount. Basically, the penalty or penalties would be stated

under either (i), (ii), (iii).

D.  <u>PETITIONER CONTEST RESPONDENT ARGUMENT OF "DOWNWARD DEPARTURE"
    WOULD HAVE BEEN UNREVIEWABLE ON DIRECT APPEAL</u>.

Petitioner restate that "DIRECT APPEAL" is irrevelant to the case at hand. DOWNWARD DEPARTURES are unreviewable on Direct Appeal; henceforth, Petitioner did not utilize that avenue, i.e., "DIRECT APPEAL", because a downward departure is unreviewable on Direct Appeal; however, a "<u>Motion</u>" as submitted is the proper vehicle to request a <u>DOWNWARD DEPARTURE</u>.

Petitioner alleges that after her sentencing the Federal Sentencing Guidelines has been DECLARED Unconstitutional, and amended in parts. To depart downward from the sentencing guidelines is within the court's discretion and is viewable on 28 § 2255 "MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE". Petitioner has shown a violation of law occurred, that the Guidelines were misapplied. Therefore, Petitioner is asking the Court to take a second look at her sentence that is imposed.

Petitioner is not asking the Judge or Court to revise Federal Sentencing Guidelines, for it is <u>not</u> authorized; only to correct the visible error. In addition, with understanding that a Judge is not authorized to revise any decisions that they have come to rue; however, when there is a constitutionality/constitutional violation involved, a Judge has the duty as required by Oath to "uphold the Constitution".

In addition to Title 18 U.S.C. § 3624(b), Petitioner is requesting this Honorable Court to grant a downward departure on basis of, long-term drug use, post-traumatic stress and severe depression, and diminished capacity to understand or take

responsibility for action, in pursuant to Federal Sentencing Guideline 3553(A), and 18 U.S.C. § 3553.

## CONCLUSION/REQUEST FOR RELIEF

In view of the foregoing facts, Petitioner request the proper relief that this Court may grant her. For Petitioner is not an attorney nor trained in the area of law; whereas, thus Petitioner, request this Court to be lenient. In addition, Petitioner is with a slight learning disability, which limits her comprehension.

Respectfully submitted,

*Jean Threatt*

Jean Threatt          Pro-SE

CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE DOCUMENT WAS MAILED THIS DATE, __June 22,__ ,2005, BY FIRST CLASS POSTAGE PREPAID U.S. MAIL AND DEPOSITED IN THE INSTITUTION MAIL BOX TO THE FOLLOWING ADDRESSE(S)

Stephen B. Reynolds

Assistant U.S. Attorney

157 Church Street, 23rd Floor

New Haven, CT 06510

SO SERVED,

*Jean Threatt*
Jean Threatt, Pro-se