```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

JEAN THREATT,                    :
     Petitioner,                 :
                                 :    Crim. No. 3:02CR95 (AHN)
v.                               :    Civ. No. 3:03CV1818 (AHN)
                                 :
UNITED STATES OF AMERICA,        :
     Respondent.                 :
```

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2255

Petitioner Jean Threatt ("Threatt") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, requesting that her April 1, 2003, conviction be vacated, set aside, and/or corrected. Threatt waived indictment and pleaded guilty to possession of an unspecified amount of crack cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1). She was sentenced to 120 months imprisonment and 3 years supervised release. She now challenges her sentence on several grounds. As set forth below, her petition [dkt. # 305] is denied.

### BACKGROUND

Threatt was a member of a narcotics trafficking organization that distributed crack cocaine in New Haven, Connecticut. On April 12, 2002, she was arrested at her home, where police uncovered 84 grams of crack cocaine. On January 2, 2003, Threatt waived indictment and pleaded guilty to possession with intent to distribute an unspecified amount of crack cocaine in violation of

§ 841(a)(1).

At sentencing, held on March 31, 2003, the court adopted the presentence report, which stated that Threatt regularly purchased and redistributed crack cocaine and found that, based on her criminal history category of IV and offense level of 32, Threatt had a sentencing guideline range of 151 to 188 months.  However, because the court determined that the Sentencing Guidelines overstated the seriousness of her criminal history, the court granted Threatt's motion for a downward departure and sentenced her to 121-months imprisonment and 3 years supervised release. Threatt did not file an appeal and her conviction became final on April 10, 2003.  See Clay v. United States, 537 U.S. 522, 525 & 527 (2003) (conviction becomes final, inter alia, when the time to file an appeal expires); Fed. R. App. P. 4(b).  She timely filed the present § 2255 habeas petition on October 22, 2003.

## DISCUSSION

Threatt now seeks collateral relief pursuant to § 2255 on the grounds that the court: (1) did not properly sentence her under § 841(b)(1)(C); (2) erred in not departing downward based on her alleged diminished capacity; (3) erred in not departing downward based on her alleged minor/minimal role; and (4) should now reduce her sentence based on her post-conviction rehabilitation.  The government submits that Threatt's petition should be denied because it is both procedurally barred and

without merit.  The court agrees.

I.   <u>Procedural Bar</u>

The government contends that the court should summarily deny Threatt's petition because she did not file an appeal on direct review.  "A motion under § 2255 is not a substitute for an appeal," <u>United States v. Munoz</u>, 143 F.3d 632, 637 (2d Cir. 1998), and a petitioner procedurally defaults on "a claim by failing to raise it on direct review . . .," <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998), unless he can show "that there was cause for failing to raise the issue, and prejudice resulting therefrom," or actual innocence.  <u>United States v. Pipitone</u>, 67 F.3d 34, 38 (2d Cir. 1995) (citation and quotations omitted). Here, as the government correctly points out, Threatt does not allege, much less demonstrate, either "cause" or "prejudice" and she does not claim actual innocence.  Accordingly, Threatt's petition is procedurally barred and must be denied.

II.  <u>Merits of Threatt's Claims</u>

Nonetheless, Threatt would not be entitled to habeas relief even if the court considered her petition on the merits.  In particular, her claim that the court did not properly sentence her under § 841(b)(1)(C) is baseless.  Although neither the indictment nor the plea agreement specified the quantity of crack cocaine involved, the court adopted the presentence report's findings that Threatt regularly purchased and redistributed crack

3

cocaine and that 84 grams of crack cocaine were found at her residence.  Because § 841(b)(1)(C) applies to violations, like the one at issue here, where the drug quantity is unspecified, and because the 120-month sentence imposed in this case was within the 20-year maximum term of imprisonment permitted by that statute, no error occurred.  See 21 U.S.C. § 841(b)(1)(C) ("[i]n the case of a controlled substance in schedule I or II . . . [a] person shall be sentenced to a term of imprisonment of not more than 20 years"); United States v. Luciano, 311 F.3d 146, 150 (2d Cir. 2002) (stating that § 841(b)(1)(C) applies to crimes involving indeterminate drug quantities).

    Equally unavailing is Threatt's claim that the court erred because it did not downwardly depart on the basis of her alleged diminished capacity.  "A district court's refusal to grant a downward departure generally is not appealable. . . [except] for 'cases in which the sentencing judge mistakenly believes that he or she lacks the authority to grant a given departure.'"  United States v. Silleg, 311 F.3d 557, 561 (2d Cir. 2002) (citations and quotations omitted).  Here, there is no indication in the record that Threatt moved for a downward departure on the grounds of diminished capacity.  Nevertheless, even if she did move for a departure on that basis, Threatt does not demonstrate that the court denied her motion because it believed it lacked the authority to do so.  See id. (stating

presumption that district court understands extent of its sentencing authority is overcome only where the record provides clear evidence of substantial risk that court misapprehended the scope of its departure authority). Accordingly, Threatt is not entitled to relief on this basis either.

Similarly, Threatt is not entitled to habeas relief on the ground that the court did not reduce her sentence for her minor role in the crime to which she pleaded guilty. Under the sentencing law then in effect, a court could grant a downward adjustment in a defendant's applicable offense level if it found that the defendant was substantially less culpable than the average participant in the relevant criminal activity. See United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990). In this case, Threatt does not demonstrate that she was "substantially less culpable" of the crime for which she was convicted. To the contrary, the facts adopted by the court at sentencing negate that conclusion. In particular, the court found that Threatt regularly purchased and redistributed crack cocaine and that 84-grams of crack cocaine were recovered at her residence. Absent evidence of other mitigating factors, there is nothing that shows Threatt had a minor role in the offense and that she is now entitled to habeas relief. See Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (holding court's errors in applying the Sentencing Guidelines do not entitle a

petitioner to relief without additional showing that a complete miscarriage of justice resulted).  Accordingly, her petition is denied on this basis as well.

Finally, Threatt's habeas petition fails to the extent she claims that she is entitled to relief for her post-conviction rehabilitation.  In particular, Threatt submits that she has been enrolled in rehabilitation classes in prison since May 2003.  Although these are laudable efforts, they are not a proper basis for granting habeas relief.  See id. at 589-90 (stating that § 2255 relief is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that . . . results in complete miscarriage of justice") (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).  Threatt's petition for relief is therefore denied.

## CONCLUSION

For the foregoing reasons, Threatt's petition for a writ of habeas corpus [dkt. # 305] is DENIED.  Because Threatt fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  See 28 U.S.C. § 2253(a)(2).

So ordered this ___ day of August, 2005, at Bridgeport, Connecticut.

_____
Alan H. Nevas
United States District Judge