IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 3:02CR95(AHN) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEAN THREATT | : | March 11, 2008 |

**GOVERNMENT RESPONSE TO MOTION FOR RELIEF PURSUANT TO TITLE 18
UNITED STATES CODE SECTION 3582(c)**

On March 31, 2003, the defendant, Jean Threat, was sentenced to 121 months incarceration. The defendant is due to be released from incarceration on January 24, 2011. The defendant has filed a motion for Modification of Sentence pursuant to 18 § 3582(c)(2) based on the recent amendment to the Sentencing Guidelines, which lowered the base offense levels applicable to cocaine base ("crack") offenses. This amendment, however, is inapplicable to the defendant, as it does not reduce the defendant's sentencing guidelines range.

The defendant pleaded guilty on January 2, 2003, to Possession with the Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c).

The evidence established that defendant Threatt was in possession of approximately 84 grams of crack cocaine at the time of her arrest. The PSR concluded that the defendant was responsible for committing an offense which involved at least 50 but no more than 150 grams of cocaine base. The PSR found that the defendant had accumulated 13 criminal history points and therefore was in Criminal History Category VI and her total offense level was 29. The PSR further found that the defendant was a career offender which results in a criminal history VI with an adjusted offense level

of 29. (Defendant's adjusted offense level and criminal history resulted in the same guideline range, 151 to 188 months, pursuant to application to the career offender guideline or base offense guideline).

The defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering the defendant's sentencing guidelines range.

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in

Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) *In General.*—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) *Exclusions.*—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

---

Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

>    (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. <u>See</u> U.S.S.G., Supplement to App. C, Amend. 706.[3]

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

[3] In a separate matter, the Supreme Court recently held in <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

---

case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when he/she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection(c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the

guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In this case, the defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was 32; that would be reduced to 30 pursuant to Amendment 706. However, the defendant was a career offender, based on her prior convictions for other drug trafficking offenses, and accordingly her base offense level was increased to 32 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10. Courts which have addressed the career offender scenario are unanimous in so holding. See, e.g., United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

For the reasons stated above, the Government respectfully requests that the defendant's motion for Reduction of her Sentence be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
PETER D. MARKLE
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct05153
157 Church Street
New Haven, Connecticut  06510
(203) 821-3700

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2008, I caused a copy of the foregoing Notice to be sent by first-class mail, postage prepaid, to the following:

Robert Gerard Golger, Esq.
Quatrella & Rizio
One Post Rd., PO Box 320019
Fairfield, CT 06432

          PETER D. MARKLE
          ASSISTANT UNITED STATES ATTORNEY