```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JEAN THREATT,                       :
        Petitioner,                 :
                                    :    Crim. No. 3:02-cr-00095 (AHN)
v.                                  :    Civ. No. 3:03-cv-1818 (AHN)
                                    :
UNITED STATES OF AMERICA,           :
        Respondent.                 :
```

RULING ON MOTION TO REOPEN THE TIME TO FILE AN APPEAL

Pending before the court is petitioner Jean Threatt's ("Threatt") pro se motion to extend the time to file an appeal of the court's denial of her petition pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Threatt's motion is denied.

FACTS AND PROCEDURAL HISTORY

On January 2, 2003, Threatt pleaded guilty to possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1). On March 31, 2003, the court sentenced Threatt to 121-months' imprisonment and three years' supervised release. Threatt did not file an appeal, and thus, her conviction became final on April 10, 2003. See Fed. R. App. P. 4(b)(1)(A)(I) (stating that a defendant's notice of appeal must be filed within ten days after the entry of the judgment).

On October 16, 2003, Threatt filed a § 2255 petition alleging that the court made various errors during sentencing. On August 29, 2005, the court denied Threatt's petition as procedurally barred because she did not file an appeal on direct review and did not allege or demonstrate actual innocence of the crime or cause for failing to raise the sentencing issues on

appeal. In the alternative, the court held that Threatt's petition was without merit because the sentence she received was within the confines of the applicable statute, she had not moved for a downward departure at sentencing, and rehabilitation efforts are not a proper basis for § 2255 relief.

## DISCUSSION

Threatt now moves to extend the time to file an appeal of the court's denial of her § 2255 petition. Threatt maintains that the court should extend the time to file an appeal because she did not receive notice of the court's ruling until December 26, 2007, nearly twenty months after it was issued. However, even if the court were to assume that Threatt did not receive timely notice of the denial of her § 2255 petition, the relief she seeks is not available under Fed. R. App. P. 4.

Courts may extend the time to file an appeal under Fed. R. App. P. 4(a)(5)(A)(I) if, inter alia, a request for extension is filed within sixty days after the entry of judgment. Pruit v. Metcalf & Eddy Inc., No. 03CIV4780, 2006 U.S. Dist LEXIS 12822, at *2 (S.D.N.Y. Mar. 24, 2006). Threatt did not move for an extension of time to file her appeal until January 2, 2008. Thus, Threatt's motion falls well outside the sixty-day period provided by Rule 4(a)(5)(A)(I).

Fed. R. App. P. 4(a)(6), however, allows district courts to reopen the time to appeal an order or judgment. But to do so,

the court must find that:  (1) the moving party did not receive
notice of the entry of the order or judgment within twenty-one
days after entry; (2) the motion is filed within 180 days after
the judgment or order is entered or within seven days after the
moving party receives notice of the entry, whichever is earlier;
and (3) no party would be prejudiced.  Fed. R. App. P. 4(a)(6);
see also Mora v. United States, No. CV998125, 2007 U.S. Dist.
LEXIS 45036, at *6 (E.D.N.Y. June 20, 2007).

Even, assuming Threatt satisfies the first and third
requirements, this provision of Rule 4(a)(6) is also unavailable
because her motion was not filed within 180 days after entry of
the judgment.  The court entered judgment on Threatt's § 2255
petition on August 19, 2005.  Threatt had 180 days, or until
February 15, 2006,[1] to file a motion to reopen the time to
appeal.  Threatt filed the instant motion on December 26, 2007,
the date she delivered her motion papers to prison authorities
for forwarding to the court.  See Houston v. Lack, 487 U.S. 266,
270 (1988) (holding that a pro se prisoner's motion is deemed
filed when it is delivered to prison authorities).  Because
Threatt filed the motion well beyond the 180-day period, her

---

[1] Time is calculated under Fed. R. Civ. P. 6, which excludes Saturdays, Sundays, and holidays when the time period is less than eleven days.  The rule also excludes the day of the event and the last day of the period, if the last day falls on a Saturday, Sunday, legal holiday, or date where the court clerk's office is inaccessible.

3

motion is also untimely under Rule 4(a)(6).  <u>See</u> <u>Otero v. Eisenschmidt</u>, No. 01CIV2562, 2006 U.S. Dist. LEXIS 29444, at *4 (S.D.N.Y. May 16, 2006) (stating that Second Circuit courts strictly adhere to Rule 4(a)(6)'s 180-day limitation without any leeway and no matter what the circumstances).

Thus, under Rule 4(a) the court is not authorized to extend the time for Threatt to file an appeal.  Although the court has sympathy for those who lose substantial rights in this fashion, this court "operate[s] in an environment . . . in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law."  <u>Silivanch v. Celebrity Cruises, Inc.</u>, 333 F.3d 355, 367 (2d Cir. 2003).

<u>CONCLUSION</u>

For the foregoing reasons, the court DENIES Threatt's motion for an extension of time to file an appeal [doc. # 434]. Further, the court declines <u>sua</u> <u>sponte</u> to issue a certificate of appealability for this ruling.  <u>See</u> <u>generally</u> <u>Elytayib v. United States</u>, 294 F.3d 397, 399 (2d Cir. 2002) (finding that a certificate of appealability is required for rulings denying Rule 4(a)(6) motions under § 2255).  After considering the arguments contained in Threatt's motion, the court concludes that Threatt has not made a substantial showing of a denial of a constitutional right, and thus is not entitled to a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>see</u> <u>also</u> <u>Muyet v.</u>

United States, No. 01CIV9371, 2005 U.S. Dist. LEXIS 2733, at *3 (S.D.N.Y. Feb 22, 2005).

So ORDERED this 14th day of March 2008, at Bridgeport, Connecticut.

```
                              /s/
                    Alan H. Nevas
                    United States District Judge
```