```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :
                            :
v.                          :    Crim. No. 3:02-cr-00095 (AHN)
                            :
JEAN THREATT                :
```

                    RULING ON MOTION FOR REDUCTION
              OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Pending before the court is Jean Threatt's ("Threatt") motion for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2).

On January 2, 2003, Threatt pleaded guilty to possession with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). The Presentence Report ("PSR") found two guidelines applicable to Threatt. The PSR first calculated her base offense level under U.S.S.G. § 2D1.1, the section applicable to offenses involving conspiracy to distribute crack cocaine. Section 2D1.1 provided for a base offense level of 32. In addition, the PSR found that she was a career offender pursuant to U.S.S.G. § 4B1.1, which also resulted in a base offense level of 32. The PSR, however, found that she was eligible for a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1. Thus, the PSR concluded that she had a total offense level of 29 under either § 2D1.1 or § 4B1.1.

As to her criminal history, the PSR found that Threatt had thirteen criminal history points, which resulted in a criminal

history category of VI.  Her status as a career offender also placed her in the same criminal history category pursuant to § 4B1.1.  Thus, the PSR found that application of either § 4B1.1 or § 2D1.1 resulted in a guideline range of 151 to 188 months of imprisonment.

At her sentencing hearing on March 31, 2003, the court adopted the findings in the PSR.  However, because the court determined that the guidelines overstated the seriousness of her criminal history, the court granted her motion for a downward departure pursuant to U.S.S.G. § 4A1.3 and sentenced her to 121 months of imprisonment and 3 years of supervised release.  Threatt did not file an appeal and her conviction became final.  See Clay v. United States, 537 U.S. 522, 525 & 527 (2003) (stating that a conviction becomes final when, among other reasons, the time to file an appeal expires); Fed. R. App. P. 4(b).

Thereafter, in 2007, the United States Sentencing Commission issued Amendment 706, which lowered the base offense level applicable to offenses involving crack cocaine.  See U.S.S.G. § 1B1.10(c).  "Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled

substances." United States v. Pizarro, No. 98-cr-148-01-PB, 2008 WL 351581, at *1 (D. N.H. Feb. 8, 2008).  The Sentencing Commission also applied the amendment retroactively.  Thus, defendants who were sentenced under prior versions of § 2D1.1 and who are incarcerated may be eligible for a reduction in their terms of incarceration, effective March 3, 2008.  Id.

Threatt moves the court for a reduction in her sentence pursuant to § 3582(c)(2), which permits the court to retroactively reduce a defendant's term of imprisonment where she was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  She argues that by virtue of Amendment 706 she is entitled to a retroactive two-level reduction of her sentence in accordance with the newly amended § 2D1.1.  The court disagrees that Threatt is eligible for a reduced sentence as result of Amendment 706.

Section 3582(c)(2) only permits the court to reduce a sentence when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  On December 11, 2007, the Sentencing Commission issued a revised policy statement under U.S.S.G. § 1B1.10 to explain the limitations on relief available under § 3582(c)(2).  Section 1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). While Amendment 706 is listed in subsection (c) and therefore may give rise to a sentence reduction pursuant to § 3582(c)(2), the policy statement further advises that:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if –
>
> * * *
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2)(B).

In Threatt's case, no sentence reduction is authorized. Amendment 706's two-level reduction to the base offense level under § 2D1.1 does not lower her applicable guideline range because she was sentenced pursuant to § 4B1.1. As discussed above, the court found that Threatt was a career offender pursuant to § 4B1.1 and that, under that guideline, she had an

applicable guideline range of 151 to 188 months of imprisonment.[1] Because Amendment 706 has no effect on the career offender guideline and thus does not alter Threatt's applicable guideline range, a reduction in her term of imprisonment is not authorized under § 3582(c)(2).  U.S.S.G. § 1B1.10(a)(2)(B); e.g., United States v. McDougherty, No. CR 88-00504 MMM, 2008 WL 752597, at *4 (C.D. Cal. Mar. 18, 2008) (holding that Amendment 706 is not applicable where the defendant was sentenced as a career offender).

## CONCLUSION

For the foregoing reasons, the court DENIES Threatt's motion for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 441].

So ORDERED this 3d day of April 2008, at Bridgeport, Connecticut.

```
                                        /s/
                              Alan H. Nevas
                              United States District Judge
```

---

[1] In addition, § 1B1.10(b)(1) states: "[t]he court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  Therefore, the court must still apply § 4B1.1, despite Amendment 706's change to § 2D1.1.